IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCHOENMANN PRODUCE COMPANY, INC. and FARMING TECHNOLOGY, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H – 04 – 0461 |
| THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiffs' Motion to Remand and Defendant's Motion to Consolidate and for Continuance. For the following reasons, Plaintiffs' Motion to Remand (Doc. #27) is **GRANTED**. Therefore, Defendant's Motion to Consolidate and for Continuance (Doc. #30) is **DENIED AS MOOT**.

I.   BACKGROUND

Plaintiffs are engaged in the growing and shipping of potatoes. Plaintiffs contracted with Defendant to ship their potatoes from various locations to Plaintiffs' facilities in Houston, Texas. This lawsuit arises out of alleged damages sustained by Plaintiffs as a result of Defendant's mishandling of certain shipments of Plaintiffs' potatoes.

The lawsuit was originally filed in state court, then removed to federal court under 28 U.S.C. § 1337, which confers original jurisdiction on the federal district courts for actions or proceedings arising under congressional acts regulating commerce and trade. Plaintiffs move

this Court to remand the action to state court, arguing that 28 U.S.C. § 1337 does not apply, and therefore the Court does not have subject matter jurisdiction over Plaintiffs' claims.

## II.     MOTION TO REMAND

The party seeking removal bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When assessing the propriety of removal, the Court must strictly construe removal statutes because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). If a defect in the Court's subject matter jurisdiction is identified, a plaintiff may file a motion to remand at any time before a final judgment is rendered. 28 U.S.C. § 1447(c).

Defendant removed this case to federal court on the basis of 28 U.S.C. § 1337, which provides in relevant part:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a). Defendant argues that Plaintiffs' claims fall under 49 U.S.C. § 11706, known as the Carmack Amendment, and therefore the Court has jurisdiction over this matter.

Under the Staggers Act, 49 U.S.C. § 10709, however, parties to a contract involving the carriage of goods via railroad may elect whether the Carmack Amendment provisions will apply. The Staggers Act states:

> One or more rail carriers providing transportation subject to the jurisdiction of the Board under this part may enter into a contract with one or more purchasers of rail services to provide specified services under specified rates and conditions.

. . . .

>   The exclusive remedy for any alleged breach of a contract entered into under this section shall be an action in an appropriate State court or United States district court, unless the parties otherwise agree. *This section does not confer original jurisdiction on the district courts of the United States based on section 1331 or 1337 of title 28, United States Code*.

49 U.S.C. § 10709(a) & (c)(2) (emphasis added). "[T]he purpose of § 10709 is to allow parties the ability to alter federal mandates, or to avoid federal control and oversight over rail contracts. Moreover, the statute also makes clear that it creates no federal jurisdiction itself, which reinforces the statute's intent to avoid federal intervention." *Dow Chem. Co. v. Union Pac. Corp.*, 8 F. Supp. 2d 940, 941 (S.D. Tex. 1998).

The shipments at issue in this lawsuit are governed by the BNSF[1] Rules Book 6100-A ("Rules Book"). The Rules Book expressly provides that the Carmack Amendment does not apply to shipments that are carried pursuant to its terms. If a contracting party desires to invoke the Carmack Amendment provisions with respect to any shipments carried under the contract, the party would have to make an express election and meet additional specified conditions. Plaintiffs did not invoke the Carmack Amendment provisions on any of their shipments.

Because the Carmack Amendment does not apply to the shipments at issue in this litigation, the Court does not have jurisdiction under 28 U.S.C. § 1337. No other basis for subject matter jurisdiction exists, therefore the case must be remanded to state court.

### III. CONCLUSION

Plaintiffs' Motion to Remand (Doc. #27) is **GRANTED**. This case is hereby **REMANDED** to state court. Defendant's Motion to Consolidate and for Continuance (Doc. #30) is **DENIED AS MOOT**.

---

[1] The Burlington Northern and Santa Fe Railway Company.

3

IT IS SO ORDERED.

SIGNED this 25th day of April, 2005.

                                            KEITH P. ELLISON
                                            UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**